Argued and submitted November 9, 2004, reversed April 27, 2005

In the Matter of the Marriage of

Denise HORRELL,
aka Denise MacLean,
*Appellant,*
*and*

Bryan D. COLE,
*Respondent.*

C96-1835FI; A122540

111 P3d 1142

George W. Kelly argued the cause and filed the brief for appellant.

Bryan D. Cole *pro se* waived appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

In this domestic relations case, the trial court found wife in contempt of court "for refusing to facilitate summer visitation according to the order" of the court dated April 18, 2002. That order modified an earlier order with respect to the apportionment of parenting time but left intact the part of the earlier order stating:

> "It is in the minor child's best interests that all transportation to accomplish parenting time * * * be performed by, and be the sole responsibility of, [husband], at least until such time as there is no longer a child support arrearage due and owing to [wife]."

On the occasion giving rise to the contempt proceeding, wife attempted to notify husband that she and child were near husband's home in Portland but were planning to return the following day to Arizona, where wife and child lived. On the following day, husband's summer parenting time was scheduled to begin. Wife offered to let husband pick up the child before the scheduled departure to Arizona, but husband failed to respond before wife took child to Arizona as planned. Husband did not arrange to pick up child until 20 days of his scheduled parenting time had elapsed. For wife's role in this missed connection, the trial court imposed the contempt sanction described above.

A person may be held in contempt for "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments[.]" ORS 33.015(2)(b). Proof of contempt must be by clear and convincing evidence. ORS 33.055(11). Such evidence does not exist in this case. Rather, the evidence shows that husband, not wife, was responsible for "transportation to accomplish parenting time," and that, if anybody disobeyed or resisted the court's order, it was he.

Reversed.